**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abigail Hernandez, | No. CV-25-03123-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Tres Sabores Cantina LLC, et al, | |
| Defendants. | |

At issue is the Motion to Dismiss Counts One and Two ("Motion") filed by Defendant Karel Sangster under Federal Rule of Civil Procedure 12(b)(6). (Doc. 35.) For the following reasons, the Motion will be **granted in part** and **denied in part**.

## I.     BACKGROUND

This is a wage-and-hour action arising out of Plaintiff Abigail Hernandez's brief employment at "Sr. Ozzy's Tacos y Mariscos" ("Sr. Ozzy's"), a restaurant and bar located in Maricopa County, Arizona. (Doc. 23 at ¶¶ 1, 11–14.) Hernandez alleges that Sr. Ozzy's is owned and operated by Defendant Tres Sabores Cantina LLC, an Arizona limited liability company. (*Id.* at ¶¶ 12–13.) Hernandez alleges that Defendants Karel Sangster and "Unknown Sangster"—pled on information and belief as a married couple—are also owners of the restaurant and acted as her employers within the meaning of the FLSA. (*Id.* at ¶¶ 15–16.)

Hernandez alleges that she began working for Defendants as a dishwasher and "kitchen personnel" during the week of August 2, 2025, at an agreed hourly rate of $15.

(*Id.* at ¶¶ 34–35.)  In her first workweek, she worked approximately ten hours over two days and was paid $140 in total.  (*Id.* at ¶ 39.)  In her second and final workweek, she worked approximately twenty-five hours but was paid nothing at all.  (*Id.* at ¶ 40.)  Hernandez alleges that when she left Defendants' employ on or about August 11, 2025, "an agent of Defendants" told her she would not be paid for her final week because she had not worked at least two weeks.  (*Id.* at ¶¶ 36, 41–42.)  Hernandez alleges that, to date, she has not received any wages for the second workweek.  (*Id.* at ¶ 43.)

Hernandez asserts three claims: failure to pay the federal minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 (Count One); failure to pay the Arizona minimum wage in violation of the Arizona Minimum Wage Act ("AMWA"), Ariz. Rev. Stat. § 23-363 (Count Two); and failure to pay wages due in violation of the Arizona Wage Act, Ariz. Rev. Stat. § 23-350, et seq (Count Three).  (*Id.* at ¶¶ 55–70.)  Counts One and Two are asserted against all Defendants, including Karel Sangster individually; Count Three is asserted against Tres Sabores Cantina LLC only. (*See id.*)

Defendant Karel Sangster, appearing pro se, moves under Rule 12(b)(6) to dismiss Counts One and Two as to him individually, and to dismiss claims against "Unknown Sangster" (also styled "Jane Doe Sangster").  (Doc. 35.)  Sangster argues that the Second Amended Complaint fails to allege facts plausibly establishing that he personally exercised operational control over Hernandez's employment, and that Hernandez relied "on conclusory allegations of ownership or association with the business."  (*Id.* at 2–3.) Sangster attaches his own declaration averring, among other things, that he resides in Virginia, had no on-site presence at the restaurant during Hernandez's employment, never met or supervised Hernandez, did not participate in the ADP-managed payroll process, and is not married.  (*Id.* at 4.)

Hernandez opposes the Motion, contending that the Second Amended Complaint's allegations satisfy Rule 8's liberal pleading standard and that Sangster's declaration improperly injects disputed facts outside the pleadings.  (Doc. 36.)  Hernandez requests

that I either (1) disregard the declaration or (2) convert the Motion into one for summary judgment and defer consideration pending discovery under Rule 56(d).  (*Id.* at 5.) Hernandez has also stipulated to dismissal of "Unknown Sangster" without prejudice, reserving the right to amend should discovery reveal a spouse who is a proper party.  (*Id.* at 6.)  Sangster replied on March 10, 2026.  (Doc. 37.).[1]

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" and construed in a light most favorable to the plaintiff, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).  A claim is plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In making this determination, legal conclusions are not accepted as true, nor are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" considered.  *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (citation modified)).  That said, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added).  A "well-pleaded complaint may proceed even if . . . actual proof of those facts is improbable, and [ ] a recovery is very remote and unlikely." *Id.* at 556 (citation modified).

In ruling on a Rule 12(b)(6) motion, courts generally may not consider material outside the pleadings.  Fed. R. Civ. P. 12(d); *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).  If matters outside the pleadings are presented and not excluded, the motion must be treated as one for summary judgment, and all parties must be given a reasonable opportunity to present pertinent material.  Fed. R. Civ. P. 12(d).  There are two exceptions to this rule: when the complaint necessarily relies on the documents (incorporation by reference), and when the documents are properly subject to judicial

---

[1]    The parties did not request oral argument, and it is not necessary, so this motion is decided without holding a hearing.  *See* LRCiv 7.2(f).

notice under Fed. R. Evid. 201(b). *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## III.    DISCUSSION

### A.    The Sangster Declaration

Sangster's Motion attaches and relies extensively on his own declaration to establish that he had no operational involvement in Hernandez's employment and is not married. (Doc. 35 at 4.)  This declaration contradicts allegations in the Second Amended Complaint related to Sangster's authority over Hernandez's employment.  Hernandez has objected to the declaration, and I will not consider it.  Generally, a court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *See Ritchie*, 342 F.3d at 907–08.  The declaration falls under no exception to this rule.  At most it raises a dispute of material fact, which may not be resolved in deciding a Rule 12(b)(6) motion.  Having excluded the declaration, I decline Hernandez's alternative request to convert the Motion into one for summary judgment under Rule 12(d).

### B.    Individual Employer Status Under the FLSA and AMWA

The FLSA and AMWA define "employer" broadly to include any person "acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d); Ariz. Rev. Stat. § 23-362(B).  An individual qualifies as an employer where he "exercises control over the nature and structure of the employment relationship, or economic control over the relationship." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009) (cleaned up); *see Loserth v. Accelerated Retention Inst. LLC*, 2020 WL 13268122, at *4 (D. Ariz. 2020) (applying FLSA economic-reality standard to AMWA employer inquiry).  The inquiry turns on "the economic reality of the relationship" and "the circumstances of the whole activity," not on isolated factors. *Id.* at 1090–91 (cleaned up); *see also Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983) (identifying non-exclusive factors including the power to hire and fire, supervision and control of work schedules, determination of pay rate, and maintenance of employment records).

- 4 -

Hernandez alleges that Karel Sangster is an owner of Sr. Ozzy's, a single-location restaurant operated through a closely-held Arizona LLC, and that, with respect to Hernandez's employment, Sangster had the authority to hire and fire, supervised and controlled work schedules and conditions of employment, determined the rate and method of payment, and maintained employment records. (Doc. 23 at ¶¶ 15–16.) Hernandez further alleges her position, dates of employment, agreed wage, hours worked, and the amounts she was paid and not paid. (*Id.* at ¶¶ 34–43.) Taken together and accepted as true, those allegations support a reasonable inference that Sangster exercised the kind of operational and economic control over the employment relationship that the Ninth Circuit identifies as the touchstone of individual liability. *See Boucher*, 572 F.3d at 1091.

Sangster's contrary arguments do not warrant dismissal. His contention that the allegations are a "formulaic recitation" prohibited by *Iqbal*, (Doc. 37 at 3), mischaracterizes the Second Amended Complaint. That pleading ties each element of the economic-reality test to a specifically identified small business—Tres Sabores—and to Hernandez's particular employment. Sangster's suggestion that Hernandez must allege "a single instance" of Sangster personally signing a paycheck or maintaining a record, (*see id.*), imports a heightened pleading standard that does not exist; the FLSA reaches those who control the employment relationship, not only those who perform its mechanics. *See Boucher*, 572 F.3d at 1091. Whether Sangster actually exercised the alleged authority, and the significance of his asserted Virginia residency and delegation of day-to-day tasks, are merits questions to be addressed at summary judgment on a developed record.

Sangster's argument that Hernandez "conceded" the LLC is the sole employer by limiting Count Three (AWA) to the LLC is likewise unpersuasive. (*See* Doc. 35 at 3.) The AWA defines "employer" more narrowly than the FLSA and AMWA, and asserting a narrower claim against fewer defendants does not concede the broader statutory definitions as to the omitted defendants. Counts One and Two will therefore proceed against Karel Sangster individually.

- 5 -

**C.    Claims Against "Unknown Sangster"**

Hernandez has stipulated to the dismissal of Defendant "Unknown Sangster" (also styled "Jane Doe Sangster") without prejudice, reserving the right to amend should discovery reveal a spouse who is a proper party. (Doc. 36 at 6.) Sangster requests dismissal with prejudice, relying on his declaration that he is not married. (Doc. 37 at 4.) Because I have excluded the declaration, the record before me does not support a merits adjudication of the marital-community issue, and dismissal with prejudice is not warranted. Defendant "Unknown Sangster" will therefore be dismissed from this action without prejudice.

**IV.    CONCLUSION**

For the reasons set forth above, Hernandez plausibly alleged that Karel Sangster was her employer within the meaning of the FLSA and AMWA, and Counts One and Two will proceed against him individually. The claims against "Unknown Sangster" will be dismissed without prejudice on Hernandez's stipulation.

Accordingly,

**IT IS ORDERED** that Defendant Karel Sangster's Motion to Dismiss, (Doc. 35), is **DENIED** as to Counts One (FLSA) and Two (AMWA) against Defendant Karel Sangster individually.

**IT IS FURTHER ORDERED** that Defendant Karel Sangster's Motion to Dismiss, Doc. 35) is **GRANTED** as to Defendant "Unknown Sangster" / "Jane Doe Sangster," who is **DISMISSED WITHOUT PREJUDICE** from this action.

**IT IS FURTHER ORDERED** that Defendant Karel Sangster shall file an Answer to the Second Amended Complaint within fourteen (14) days of the date of this Order.

Dated this 27th day of July, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

- 6 -